## EXHAUSTION OF
## ADMINISTRATIVE REMEDIES

The following is the true and correct chronological account of my efforts to exhaust administrative remedies:

1. On April 22, 2020, I sent an email addressed to staff at "Unit Management East" (with attention to [Counselor Mr.] Hilliard, [Case Manager Mr.] Clark, and [Unit Manager Ms.] Byrum), for access to administrative remedies, stating: "Please drop off a BP-9 in my cell B-D-15. The purpose is exhaustion of remedies for the CARES act and 18 U.S.C. Section 3582(c)(1)(A). Thanks, E. Welch." [See page A.4, this Exhibit].

2. There were several reasons to ask for the BP-9:
    a. A BP-9 (BP-229(13)) is for the warden's administrative remedy clerk and is considered a "formal" request. Unit management, especially the counselor, is the person to direct informal requests at Marion with the other two persons supposedly covering for him when he is gone.

    b. In the recent past (Winter 2020), I spoke with Ms. Byrum about filing § 3582's and especially about coordinating with the warden's administrative remedies clerk. She told me the warden's clerk "wanted to clarify if what we were asking for was a sentence reduction or a re-sentencing." (That conversation concerned an unrelated § 3582 involving another inmate I was helping). Ms. Byrum and I had informally discussed going next to the formal warden request because of the statutory language of § 3582. The administrative remedies clerk indicated (through Ms. Byrum) that that was "OK".

    c. The statutory text of § 3582 talks about directing

A.1

formal sentencing modification requests to "the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). It seemed the information I was getting from staff was accurate.

3. One day after requesting it, I received a blank BP-9 (warden's office formal request) from my counselor on April 23, in institutional mail.

4. On April 24, 2020, I filled out the BP-9, and turned it in to the unit officer to drop off at Unit Management East for me (because we were on lock-down I could not hand-deliver it.) [This Exhibit, pages A.5-A.6].

5. Five days later, the warden's clerk claims to have received my paper request (on April 29), on the BP-9 form, and assigned a case number, 1016553-F. April 29, 2020 is their "official" day of request.

6. On April 29, 2020, the warden's administrative remedies clerk rejected it, but I did not know it until a week later when it was returned to me in institution mail. The rejection stated (contrary to previous examples and directives) that I "DID NOT ATTEMPT INFORMAL RESOLUTION PRIOR TO SUBMISSION OF ADMINISTRATIVE REMEDY, OR YOU DID NOT PROVIDE THE NECESSARY EVIDENCE OF YOUR ATTEMPT AT INFORMAL RESOLUTION." [Page A.7]

7. Upon learning of the denial I immediately emailed Unit Management to again request an "informal" request (informal requests are handled by the counselor.). I had already asked in writing, informally in an email, about getting a BP-9 (the next step), because I was making a formal request for relief under the CARES Act and § 3582(c)(1)(A). That request had already been through my counselor, Mr. Hilliard, who gave me the BP-9. I filed again on May 5, 2020. It was denied on May 6, 2020, not by the counselor (who is supposed to write it), but by a Unit Manager from a different part of the building, a Mr. A. Deaton. [Page A.8] I was given the run-around by filing a second "informal" request.

A2

8. Then, I re-submitted the denied BP-8 and BP-9 after I had copies made by the same counselor (Mr. Hilliard), and waited.

9. On June 1, 2020 I received the warden's response to my case number 1016553-F, denying relief because my "concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence." [Page A.9]

10. On June 12, 2020, I sent in a BP-10 to region, appealing the warden's denial. I did this even though 36 days (more than 30 days) had passed since my case number requesting relief was generated and even longer (41 days) than my initial informal request-by-email to proceed to the warden via BP-9. [Page A.10]

As such, those facts form the basis of my belief that requesting a § 3582 modification directly to this District Court is proper. I did not frustrate or intend to delay my filings but rather was acting on law and verbal discussion with Ms. Byrum and coordination with the administrative rememdy clerk. My written request for relief "under the CARES Act and § 3582(c)(1)(A)," was sufficiently clear and self-evident that it was an informal request <u>through my counselor</u>, to request formal relief from the warden.

July 1, 2020
Date Executed
Under penalty of perjury pursuant to
28 U.S.C. § 1746, I hereby swear and verify
that the foregoing is true and correct as an affidavit.

/s/ Eric Welch
Eric D. Welch, <u>pro se</u>
USM # 10444-089
P.O. Box 1000
Marion, IL 62959

A.3

**From:** ^!"WELCH, ^!ERIC DEXTER" <10444089@inmatemessage.com>
**To:**
**Date:** 4/22/2020 7:51 AM
**Subject:** ***Request to Staff*** WELCH, ERIC, Reg# 10444089, MAR-B-A

To: Hilliard, Clark, or Byrum
Inmate Work Assignment: UNICOR

***ATTENTION***

Please cut and paste the message indicator below into the subject line; only this indicator can be in the subject line.
62860fa6-dde6-4a67-adda-3c1f7642e6b4
Your response must come from the departmental mail box. Responses from personal mailboxes WILL NOT be delivered to the inmate.

***Inmate Message Below***


Mr. Hilliard, Mr. Clark, or Ms. Byrum,

Please drop off a BP-9 in my cell B-D-15. The purpose is exhaustion of remedies for the CARES act and 18 U.S.C. Section 3582(c)(1)(A).

Thanks,
E. Welch

A-4

**U.S. DEPARTMENT OF JUSTICE**                   **REQUEST FOR ADMINISTRATIVE REMEDY**

Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | WELCH, ERIC D. | 10444-089 | B-4-15 | U.S.P. MARION |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST**

This Administrative Remedy is propounded under both BOP Policy, and Rule 8(a)&(b)(6) of the Federal Rules of Civil Procedure.

Due to the COVID-19 crisis, I am requesting immediate home detention* under the CARES Act, 18 U.S.C. § 3582(c)(1)(A)(i) (sentence modification for "extraordinary and compelling circumstances"), or both. The U.S. Sentencing Commission's policy based on the catch-all provision in sub-division D is adopted for reference.

FACTS AND GROUNDS IN SUPPORT:

1. At one point in March 2020, no BOP facilities reported cases of COVID-19. As a precaution, Director M.D. Carvajal locked-down "shelter-in-place" all BOP prisons on March 31, 2020.

2. Just days later in early April, several inmates became infected. Within a couple of weeks over a hundred persons (staff and inmates) got COVID-19 and several inmates died at facilities such as Elkton, Ohio; Danbury, and elsewhere.

(...continued ...)

*or modification to immediate release

April 24, 2020     PAGE 1 OF 2                          Eric Welch

DATE                                                                        SIGNATURE OF REQUESTER

**Part B- RESPONSE**

5/13/2020 MW
USP Marion
Received by Admin Remedy Clerk
Date: 4/29/2020 MW
~~4/30/2020 MW~~

_____                              _____
DATE                                                          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**                            CASE NUMBER: _____ 3

CASE NUMBER: 1016553-F1

**Part C- RECEIPT**

Return to: _____
          312 M    LAST NAME, FIRST, MIDDLE INITIAL            REG. NO.            UNIT            INSTITUTION

SUBJECT: 312 M

A5

DATE                                                         RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)

3. As of 4/23/2020, USP Marion has not reported a COVID-19 case. The facility's continuous lock-down "shelter-in-place" operations indicate that the disease threat and inevitable infection, crest, peak, and curve of cases has yet to run its course, just as it did in Elkton and other places where the disease was non-existent and then spiked into inmate deaths.

4. I am an "at-risk" inmate. I am medically diagnosed and treated as "Chronic Care" for Asthma and use an inhaler (Albuterol HFA, 8.5 GM, 90 MCG/ACT). I have also reported Heart Arhythmia. A subsequent EKG was inconclusive, but because I just turned 50 years old I expect to watch this carefully.

5. Nearly a decade ago, on December 15, 2010, I was sentenced to 168 months (14 years) for my offense, and by October 5, 2020 (this year) I will have served 10 years "flat-time" which is the mandatory minimum of my statutory penalty without considering Good Conduct Time ("GCT"). (See attached sentencing computation).

6. My projected release date with GCT and jail-credit is August 31, 2022, just over two years away. (Id.)

7. My First Step Act ("FSA 2018") PATTERN assessment says I am "ineligible" for FSA 2018 relief, but my Recidivism Risk Level is scored as "LOW". (See attached sheet passed out to inmates by Unit Team).

8. Despite having a sex offense, my statute of conviction [18 U.S.C. § 2252A(5)] does not require mandatory detention (i.e. permits home confinement), under the changes to the Bail Reform Act, 18 U.S.C. § 3142. This determination is unaffected by the 10-year mandatory minimum. (See attached Bond Hearing Transcript at 5-6). A conviction for simple possession of child pornography is also the lowest recidivism offense as a class of offenders, alongside white-collar crime, according to the United States Sentencing Commission's 2017 Report: "The Past Predicts the Future: Criminal History and Recidivism of Federal Offenders" at Table 4.

9. BOP Policy may not permit my custodian to place me on home detention, however, under § 3582, a motion to modify my sentence in harmony with the CARES Act is appropriate amid concerns of the deadly effects of COVID-19 to at-risk inmates with Asthma such as myself. (See for example, United States v. Sawicz, E.D. N.Y., Case No. 08-cr-287, Apr. 10, 2020 (relief granted under 18 U.S.C. § 3582(c)(1)(A) to an inmate with a child pornography and failure-to-register conviction); and also comments by Attorney General William Barr's intent to ameliorate the "pitri-dish" effect our nation's prison environment for at-risk persons).

10. My proposed release address is with my parents: George and Susan Welch, 5230 Livermore Rd., Clifford, Michigan, 48727; Ph/989-761-7174; E-mail gnswelch@hughes.net. This was also an approved residence for state probation in the past (People of Michigan v. Eric Welch, Houghton County Cir. Case No. 07-FH-2225). For context, that state conviction was fully discharged satisfactorily with no probation violations, and as a matter of fact is the same case which the Western District of Michigan "recycled" years later for the instant case.

11. My post-sentencing incarcerated conduct is attached for a sentence modification re-assessment, under 18 U.S.C. § 3553(a) (i.e. programming, psychology, disciplinary record, etc.)

12. Internally, BOP Unit Team staff are telling inmates that the disease "will be with us a long time and not to expect it to get any better very soon." Externally, media outlets from different sides of the ideological aisle at both CNN and FOX have likewise reported a mix of answers from a "spotty" flare-up across the nation, to a longer, drawn-out event that takes many more lives.

13. Considering all of these factors (the worst is yet to come, my at-risk status and age, my low likelihood of recidivism and success in programming, and only two years left on a fourteen-year sentence), the BOP should submit a motion under 3582 for me in harmony with the CARES Act knowing all these things to be true and correct to the best of my knowledge and belief under penalty of perjury. *To include sentence modification to immediate release*

April 23, 2020
Date Executed
Under penalty of perjury pursuant to
28 U.S.C. § 1746, I hereby swear and verify
that the foregoing is true and correct as an affidavit;
Further, that it has been deposited this day
in the institution's internal mail system under
Prison Mailbox Rule, to BOP agents in Unit Team.

/s/ Eric Welch
Eric D. Welch, pro se
USM # 10444-089
P.O. Box 1000
Marion, IL 62959

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: APRIL 29, 2020


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MARION USP

TO  : ERIC DEXTER WELCH, 10444-089
      MARION USP    UNT: UM EAST    QTR: B04-015L
      P.O. BOX 2000
      MARION,  IL 62959


FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      : 1016553-F1     ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED  : APRIL 29, 2020
SUBJECT 1      : OTHER SENTENCE COMPUTATION
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT ATTEMPT INFORMAL RESOLUTION PRIOR TO SUBMISSION
                 OF ADMINISTRATIVE REMEDY, OR YOU DID NOT PROVIDE THE
                 NECESSARY EVIDENCE OF YOUR ATTEMPT AT INFORMAL RESOLUTION.



A-7

*I need a photocopy of this.*
*EW*
*B-D-15*

Attachment A

## Administrative Remedy - Informal Resolution
## Marion, Illinois

Inmate's Name: ERIC D. WELCH   Reg. No. 10444-089   Unit: B-D-15   Date: 5/5/20

NOTICE: You are advised that prior to filing a Request for Administrative Remedy [BP-9], you **MUST** attempt to informally resolve your complaint through your counselor. Please follow the three (3) steps listed below.

1. State your specific complaint: I request a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i) (extraordinary or compelling circumstances), the CARES Act, or both. I reasonably believe this to be a Formal Request, but recent feedback from Unit Team indicates I need to submit this BP-8. I am an "at-risk" inmate. All the facts and claims in the attached BP-9 are hereby adopted into this BP-8 as if presented here, because I am at-risk of death from COVID-19 once the crisis hits Marion more severely.

2. State what efforts you have made to informally resolve your complaint: I previously submitted a BP-9 because I thought all 3582 sentence modification requests were formal requests to the Warden of the institution, and that is accomplished, in my belief, by a BP-9. 'Remedy ID # 1016553-F1

3. State what resolution you request: That all the paperwork included with this BP-8 (i.e. my BP-9 and all attachments) are submitted by the Director of the Bureau of Prison, Warden or other authorized official, for a sentence modification in accoradance with the attached.

Inmate's Signature: *Eric Welch*   Date: 5/5/20

4. Correctional Counselor's Comments (Steps to Resolve): Based on the criteria set forth by the Bureau of Prisons, you do not qualify based on your current sex offense. If the criteria changes, you may be reviewed for placement on HC.

Counselor's Signature: _____   Date: 5/6/20
Unit Manager's Review: _____   Date: 5/6/2020

| HC 5-4-20 | Received by Counselor from inmate | Attempted informal with inmate by Counselor | BP-9 given to inmate (Same one I turned in April 24) | BP-9 Delivered to Admin. Remedy Clerk |
|---|---|---|---|---|
| Date | 5/6/20 | 5/6/20 | 5/6/20 | 5/7/20 |
| Time | 1:00 pm | 1:05 pm | 2:00 pm | 9:30 am |
| Counselor | CH | CH | CH | CH |

A.8

**U.S. Department of Justice**
**Federal Bureau of Prisons**

**Administrative Remedy**
**Part B - Response**

---

**Administrative Remedy Number: 1016553-F3**

---

This is in response to your Administrative Remedy receipted May 13, 2020, wherein you request a Reduction in Sentence due to COVID-19.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, <u>Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g)</u>, provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate;" the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance.

The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. We recognize that you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. However, your concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence.

Accordingly, your Request for Administrative Remedy is denied. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex, Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

6-1-20
Date

D. Sproul, Warden

A9

**U.S. Department of Justice**

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Accepted as timely filed under Prison Mailbox Rule by BOP Agents of Region at USP Marion Mailroom, first-class postage prepaid, United States Postal Service Certified Rec. # 7018 2290 0001 6395 8609

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | WELCH, ERIC D. | 10444-089 | B-4-15 | U.S.P. MARION |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL**   I am appealing the Warden's denial of my Administrative Remedy 1016553, wherein I requested a sentence modification due to COVID-19.

The reasons for denying my request keep changing. At first, it was due to having a simple possession sex offense, which is not a valid reason to deny a modification under 18 U.S.C. § 3582(c)(1)(A)(i) (see, United States v. Fischman, N.D. cal. Case No. 4:16-cv-246 (May 2020) (inmate with possession of child pornography granted relief, court explicitly saying possession is non-violent.) Next, in the Warden's denial, my "concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence." But, in United States v. Sawicz, E.D. N.Y., Case No. 08-cr-287, Apr. 10, 2020, the inmate did not have COVID yet either, and like me is a non-violent former sex offender.

The coronavirus disease is rapidly spreading in all parts of the United States, including its prisons (e.g., by mid-May at Butner, Terminal Island, Oakdale, Lompoc, Forrest City, Elkton and Danbury). There is no vaccine or cure for this deadly disease. The Centers for Disease Control ("CDC") recommends protecting oneself from the disease by frequent handwashing, frequent sterilizing of surfaces, and individuals remaining at a distance of at least six feet from each other. It is impossible to do that in this facility. I submitted proposed release plans and an address with my parents, and information on my chronic care for Asthma (at-risk status). I will support myself by working either as an Electrician, or as a paralegal. I will have medical coverage through my union, or will obtain it quickly enough from either medicare or Medicaid.

June 12, 2020
DATE

*Eric Welch*
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

---

DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

---

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

DATE                              SIGNATURE, RECIPIENT OF REGIONAL APPEAL

A-10

MARDV 540-23
PAGE 001
Case 2:10-cr-00008-PLM   ECF No. 109-2 filed 07/06/20   PageID.1340   Page 11 of 12
SENTENCE MONITORING
COMPUTATION DATA
AS OF 09-05-2019
* 09-05-2019
* 05:53:39

REGNO..: 10444-089 NAME: WELCH, ERIC DEXTER

```
FBI NO...........: 389342NB2                DATE OF BIRTH: 03-15-1970  AGE:  49
ARS1.............: MAR/A-DES
UNIT.............: UM EAST                  QUARTERS.....: B03-015L
DETAINERS........: NO                       NOTIFICATIONS: NO
```

HOME DETENTION ELIGIBILITY DATE: 02-28-2022

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  08-31-2022 VIA GCT REL

------------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

```
COURT OF JURISDICTION...........: MICHIGAN, WESTERN DISTRICT
DOCKET NUMBER...................: 2:10-CR-8
JUDGE...........................: EDGAR
DATE SENTENCED/PROBATION IMPOSED: 12-15-2010
DATE COMMITTED..................: 02-07-2011
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                    FELONY ASSESS   MISDMNR ASSESS   FINES         COSTS
NON-COMMITTED.:     $100.00         $00.00           $00.00        $00.00

RESTITUTION...:  PROPERTY:  NO   SERVICES:  NO        AMOUNT:   $00.00
```

-------------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:   511     OBSCENE MATTER TRANSPORT
OFF/CHG: 18:2252A(A)(5)(B);18:2252A(B)(2);18:2256(8)(A)    POSSESSION OF
         CHILD PORNOGRAPHY   CT 1S

```
SENTENCE PROCEDURE..............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE..:   168 MONTHS
TERM OF SUPERVISION.............: LIFE
DATE OF OFFENSE.................: 05-29-2007
```

G0002        MORE PAGES TO FOLLOW . . .

A.11

```
MARBV  540*23  *           SENTENCE MONITORING           *    09-05-2019
PAGE 002 OF 002 *           COMPUTATION DATA              *    05:53:39
                             AS OF 09-05-2019

REGNO..: 10444-089 NAME: WELCH, ERIC DEXTER


------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 09-04-2019 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 02-18-2011 BY ASIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN............: 12-15-2010
TOTAL TERM IN EFFECT..............:  168 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:   14 YEARS
EARLIEST DATE OF OFFENSE..........: 05-29-2007

JAIL CREDIT.......................:     FROM DATE      THRU DATE
                                        03-04-2010     03-11-2010
                                        10-04-2010     12-14-2010

TOTAL PRIOR CREDIT TIME...........:  80
TOTAL INOPERATIVE TIME............:   0
TOTAL GCT EARNED AND PROJECTED..: 756
TOTAL GCT EARNED..................: 432
STATUTORY RELEASE DATE PROJECTED: 08-31-2022
EXPIRATION FULL TERM DATE.......: 09-25-2024
TIME SERVED.......................:       8 YEARS      11 MONTHS    10 DAYS
PERCENTAGE OF FULL TERM SERVED..:   63.8

PROJECTED SATISFACTION DATE......: 08-31-2022
PROJECTED SATISFACTION METHOD....: GCT REL

REMARKS.......: 9-4-19 GCT UPDTD PURSUANT TO FSA R/SDS




G0000          TRANSACTION SUCCESSFULLY COMPLETED
```

*(handwritten annotation next to TIME SERVED: ", as of")*

A.12