## CONTEXT OF STATEMENT IN AFFIDAVITS

There is a statement in the affidavits that may need clarification. When the affidavits say "His UNICOR job allows him to work on legal work without turning it into a prison 'hustle'," this means that the UNICOR job's <u>income</u> from UNICOR-related tasks allowed me the freedom to work on legal work for others more or less <u>pro bono</u> and not as a hustle. The wrong sort of perspective could read that sentence and jump to the wrong conclusion (i.e. that UNICOR was paying me to do legal work, which is an incorrect interpretation). [See, page D.2 at ¶5, and D.4 at ¶5].

L.1

## Affidavit of James R. Kammeyer

In support of Eric Welch

In the County of Williamson  )
                             ) ss.
In the State of Illinois     )

I, JAMES RAMSEY KAMMEYER do hereby swear and verify that if called upon in this matter I would testify as follows, to-wit:

1. That for the past several years I have been incarcerated at United States Penitentiary in Marion, Illinois for a federal offense.

2. That I met Eric D. Welch (10444-089) when I started working at UNICOR Federal Prison Industries in March of 2017, but knew him prior to that from our shared attendance at Religious Services.

3. That in our time together, I have seen him help several people get out of prison early; myself included (Administrative Remedy, James R. Kammeyer (20118-081) jail credit restoration of 7 months). There is more jail credit time expected (appx. 24 months) on an outstanding § 2241;

Other people I know Eric Welch has helped are listed here:

   a. Gary A. Lott (14256-064), from Oklahoma, won a Presidential Commutation in 2015, getting him out from under a Life Sentence (commuted to 20 years and released in 2017). That was Eric's first Presidential Commutation application;

   b. Jimmy E. Rhodes, *Rhodes v. True*, S.D. Illinois, Case No. 3:17-cv-562) Jimmy's sentence 260 months sentence was vacated, because he is neither a Career Offender nor an Armed Career Criminal under *Mathis*.

Affidavit of James R. Kammeyer, Page **1** of **2** _____ (Initial)

L.2

    c. When the BOP refused to install adequate toilets (they had only two water closets for appx. 400 employees), Eric wrote the administrative remedies and later law suit (for Jimmy Rhodes as Plaintiff) that made the BOP pay for an increased the number of toilet facilities for our work assignments.

4. That there are also many people who Eric has helped that I am not personally familiar with, but I wanted to write this all down before I forget or either of us gets shipped.

5. That it is my sincere belief that Eric tends to stay involved with his family at home and only takes on cases he can handle (one or two at a time). He does not over-promise but gets to people's problems when he can and is good at communicating that. His UNICOR job allows him to work on legal work without turning it into a prison "hustle" (he cares more about winning the right cases for the right reasons, than about making money off of false hope). Eric is a straight shooter with the facts and law as he understands them.

12-26-2019 /s/ *[signature]*

Date Executed                                         James R. Kammeyer
Under penalty of perjury pursuant to               20118-081
28 U.S.C. § 1746, I hereby swear and verify       P.O. Box 1000
that the foregoing is true and correct as an affidavit.    Marion, IL 62959

Affidavit of James R. Kammeyer, Page 2 of 2 _____ (Initial)

L.3

## Affidavit of Jimmy Eugene Rhodes

In support of Eric Welch

In the County of Williamson  )
                                         ) ss.
In the State of Illinois  )

I, JIMMY EUGENE RHODES do hereby swear and verify that if called upon in this matter I would testify as follows, to-wit:

1. That for the past decade I have been incarcerated at United States Penitentiary in Marion, Illinois for drug and gun-related charges.

2. That I first met Eric D. Welch (10444-089) when he started working at UNICOR Federal Prison Industries here at Marion, in 2011.

3. That in our time together, I have seen him help several people get out of prison early; myself included (*Rhodes v. True*, S.D. Illinois, Case No. 3:17-cv-562) He recently won me a vacated 260 months sentence, because I am neither a Career Offender nor an Armed Career Criminal under *Mathis*.

    Other people I know Eric Welch has helped are listed here:

    a. Mark Dixon (09571-062), my homeboy from Oklahoma was immediately released in 2015, a full seven years early from a § 3582, 2-point drug reduction that Eric prepared for him;

    b. Gary A. Lott (14256-064), another homeboy from Oklahoma, won a Presidential Commutation in 2015, getting him out from under a Life Sentence (commuted to 20 years and released in 2017). That was Eric's first Presidential Commutation application he ever wrote;

Affidavit of Jimmy Rhodes, Page 1 of 3 ⎯⎯ (Initial)

L.4

    c. James R. Kammeyer (20118-081) jail credit restoration of 7 months from an administrative remedy Eric won for him in 2018, with more to come expected on an outstanding § 2241;

    d. David Amos (31876-044), a § 2241 briefing, arguing, and winning a jail credit restoration of 7 months, back in 2013.

    e. Timothy Tierney (05261-090). Tierney had an "outside lawyer" write and file his § 3582, 2-point reduction, but Eric wrote Tierney's rehabilitation, work-programming, and re-education inside prison walls resume content, which the judge said motivated him to give Tierney and extra "24 months" off his sentence.

    f. Eric wrote the *Alleyne* and *Descamps*-related § 2241 petition and arguments from the district court all the way to the Seventh Circuit Court of Appeals in *Ellerman v. Walton*, Case No. 14-501 (April 21, 2014). While not ultimately victorious, it was the first time I have ever seen the briefing earn a Presidential Clemency recommendation from an Appellate Court. His case was featured in Prison Legal News, July 2014, p.43.

    g. When the BOP refused to install adequate toilets (they had only two water closets for appx. 400 employees), Eric wrote the administrative remedies and later law suit that made the BOP pay for an increased the number of toilet facilities for our work assignments.

4. That there are also many people who Eric has helped that I am not personally familiar with, but I wanted to write this all down before I leave for re-sentencing.

5. That it is my sincere belief that Eric tends to stay involved with his family at home and only takes on cases he can handle (one or two at a time). He does not over-promise but gets to people's problems when he can and is good at communicating that. His UNICOR job allows him to work on legal work without turning it into a prison "hustle" (he cares more about winning the right cases for the right reasons, than about making money off of false hope). It is for this reason I respect Eric, even though we do not always agree on things, he is a straight shooter with the facts as he understands them.

Affidavit of Jimmy Rhodes, Page 2 of 3 ~JR~ (Initial)

12-26-19   /s/ Jimmy E. Rhodes

Date Executed                                    Jimmy Eugene Rhodes
Under penalty of perjury pursuant to                        15025-064
28 U.S.C. § 1746, I hereby swear and verify              P.O. Box 1000
that the foregoing is true and correct as an affidavit.   Marion, IL 62959

Affidavit of Jimmy Rhodes, Page **3** of **3** JR (Initial)

L.6