UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:10-cr-8 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| ERIC DEXTER WELCH, | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Defendant Eric Welch is serving a 168-month term of imprisonment for possession of child pornography (ECF No. 59). Welch filed a motion for compassionate release (ECF Nos. 107, 110). For the reasons to be explained, the motion will be denied.

Welch requests that the Court grant him compassionate release from prison. He fears that if he stays in prison, he will contract COVID-19, the coronavirus disease declared a pandemic by the World Health Organization on March 11, 2020 and declared a national emergency by President Trump on March 20, 2020. Welch is currently incarcerated at Marion USP, located in Marion, Illinois. The BOP reports that two inmates are currently infected with the virus; one prisoner and one staff member were infected but have since recovered. *See COVID-19 Cases*, Federal Bureau of Prisons, www.bop.gov/coronavirus (last visited July 17, 2020).

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c); but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 546 U.S. 522, 526 (2011); *see United States*

*v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010). In the First Step Act, Congress amended 18 U.S.C. § 3582(c)(1)(A), the provision authorizing compassionate release. Prior to the amendments, only the Bureau of Prisons could file a motion with the Court seeking compassionate release. *See, e.g., Crowe v. United States*, 430 F. App'x 484, 484-85 (6th Cir. 2011) (per curiam). As amended, the statute now permits prisoners to file a motion with the court subject to certain limitations. The statute allows a prisoner to seek relief in the courts "after the defendant has exhausted all administrative rights to appeal a failure by the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.SC. § 3582(c)(1)(A). The defendant must also establish "extraordinary and compelling reasons[.]" *Id.* at § 3582(c)(1)(A)(i). Finally, the court must find that the sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* at § 3582(c)(1)(A).

Welch has exhausted his administrative remedies. On April 24, 2020, Welch submitted a request to the warden at Marion USP. That request was denied on June 1, 2020, and the 30-day appeal window has closed.

However, Welch has not demonstrated extraordinary and compelling reasons for compassionate release. When considering extraordinary and compelling reasons under the compassionate release provision, this Court looks at the individual defendant's characteristics and underlying health conditions and the situation at the defendant's place of incarceration. *See, e.g., Miller v. United States*, Case No. 16-20222-1, 2020 WL 1814084, at *4 (E.D. Mich. Apr. 9, 2020) (collecting cases). A threat of infection, which applies to all prisoners, generally

will not establish the sort of extraordinary and compelling reasons required by statute. *See, e.g., United States v. McMurray*, Case No. 1-18-cr-10010, 2020 WL 2044700, at *1 (W.D. Tenn. Apr. 28, 2020) (citing *United States v. Eberhart*, Case No. 13-cr-313, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020)).

The balance of factors weighs against a reduction of sentence to time served. Welch appears to suffer from asthma, and his health records show that he reports using an inhaler an average of once a week. However, there is no indication that his asthma is "moderate-to-severe," which would place him at a higher risk of becoming seriously ill if he were to contract COVID-19. *See Groups at Higher Risk for Severe Illness, Centers for Disease Control and Prevention*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited July 17, 2020). Rather, it appears that Welch's asthma is well controlled via his inhaler. Further, there are only two active cases at Marion USP. Welch's general fear of infection, together with the circumstances at Marion USP, do not entitle him to compassionate release.

Accordingly, Welch's motion (ECF No. 107) is **DENIED.**

**IT IS SO ORDERED.**

Date:  July 17, 2020                                         /s/ Paul L. Maloney
                                                             Paul L. Maloney
                                                             United States District Judge