UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                Plaintiff,<br><br>-v-<br><br>ERIC DEXTER WELCH,<br>                Defendant. | No. 2:10-cr-8<br><br>Honorable Paul L. Maloney |

### ORDER GRANTING MOTION FOR RECONSIDERATION

Defendant Eric Welch is serving a 168-month term of imprisonment for possession of child pornography (ECF No. 59). Welch filed a motion for compassionate release on July 6, 2020, which the Court denied on July 17, 2020 (Motion ECF No. 107, Order ECF No. 111). Welch now moves for reconsideration on that Order, and he has filed several motions to supplement the motion for reconsideration (ECF Nos. 114, 115, 118, 119). The Government opposes Welch's motion (ECF No. 120), and Welch has filed a reply brief (ECF No. 121). The Court has reviewed Welch's supplemental records, so the motions to supplement will be granted. For the reasons to be explained, Court will grant Welch's motion for reconsideration, but the motion for compassionate release will remain denied.

A motion for reconsideration may be granted when the moving party demonstrates a "palpable defect" by which the Court and parties have been misled and a showing that a different disposition of the case must result from the correction of the mistake. W.D. Mich. LCivR 7.4(a). The decision to grant or deny a motion for reconsideration under this Local

Rule is within the district court's discretion. *See Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 694, 681 (6th Cir. 2012) (citation omitted).

A motion for reconsideration is not an opportunity to present new arguments that could have been presented before the court issued its ruling, but an opportunity for the court to reconsider those arguments already presented. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *see Evanston Ins.*, 683 F.3d at 692 (reviewing the district court's application of the palpable defect standard and upholding the denial of the motion for reconsideration because the arguments advanced in the motion were not raised during the prior proceedings). Neither is a motion for reconsideration a second opportunity for a party to present "new explanations, legal theories, or proofs." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

The Court denied Welch's motion for compassionate release because at the time, there were only two cases of COVID-19 at Marion USP. In the interim, however, Marion has begun reporting positive cases: at one point, over 50 inmates were positive. Thus, the Court will reconsider Welch's motion for compassionate release so it can evaluate the change in circumstances.

When considering extraordinary and compelling reasons under the compassionate release provision, this Court looks at the individual defendant's characteristics and underlying health conditions and the situation at the defendant's place of incarceration. *See, e.g., Miller v. United States*, Case No. 16-20222-1, 2020 WL 1814084, at *4 (E.D. Mich. Apr. 9, 2020) (collecting cases). A threat of infection, which applies to all prisoners, generally will not establish the sort of extraordinary and compelling reasons required by statute. *See,*

2

*e.g., United States v. McMurray*, Case No. 1-18-cr-10010, 2020 WL 2044700, at *1 (W.D. Tenn. Apr. 28, 2020) (citing *United States v. Eberhart*, Case No. 13-cr-313, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020)).

As before, Welch still has not demonstrated extraordinary and compelling reasons that justify his release. Welch continues to argue that his asthma diagnosis places him at higher risk of serious illness if he were to contract COVID-19. The Government responds by arguing that Welch's asthma is actually well-controlled. Neither side has attached Welch's medical records beyond what the Court reviewed to decide Welch's initial motion for compassionate release, and Welch's supplemental records that confirm his asthma diagnosis. None of the supplemental records, however, show that his asthma is severe or uncontrolled. Therefore, there is no evidence in the record that shows extraordinary and compelling reasons justifying Welch's release. Moreover, at present, there are zero positive cases at Marion USP. *See COVID-19 Cases*, Federal Bureau of Prisons, www.bop.gov/coronavirus (last visited September 1, 2020). The outbreak that occurred there has been controlled. Therefore, after evaluating the totality of the circumstances, the Court finds that Welch has failed to establish extraordinary and compelling reasons that warrant his release.

Welch has also requested that this Court extend the time to file notice of appeal so that he may appeal this decision (ECF No. 116). The Court has the authority to do so under Federal Rule of Appellate Procedure 4(a)(5). The Court will Grant Welch's request; he may file a notice of appeal within 30 days of entry of this Order.

Accordingly,

**IT IS ORDERED** that Defendant's motions to supplement (ECF Nos. 115, 118, 119) are **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's motion for reconsideration (ECF No. 114) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's motion for compassionate release (ECF No. 107) remains **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's motion for extension of time to file an appeal (ECF No. 116) is **GRANTED.**

**IT IS SO ORDERED.**

Date:  September 8, 2020                                      /s/ Paul L. Maloney
                                                                         Paul L. Maloney
                                                                         United States District Judge